**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Valsangiacomo    }
}
}    Docket No. 232-10-02 Vtec
}
}

**<u>Entry Order</u>**

Appellants appealed from a decision of the Development Review Board (DRB) of the City of Barre, approving the demolition of the St. Monica convent and rectory buildings. Appellants are represented by Stephanie J. Kaplan, Esq.; Appellee-Applicant St. Monica's Church[1] is represented by William M. O' Brien, Esq. and Kristin C. Wright, Esq.; and the City is represented by Oliver L. Twombly, Esq. The parties have requested the Court to address a preliminary question in advance of the trial now scheduled for February 11[2], 2002.

Section 5.17.05(2) allows (but does not require) the DRB to approve demolition if it finds either that the structure is a deterrent to a major improvement that will be a clear and substantial benefit to the municipality, or if it finds that the retention of the structure would cause undue financial hardship to the owner. The preliminary question has been raised in this matter as to whether consideration of the § 5.17.06 review criteria for the proposed demolition of a structure in a Design Review overlay district requires review under those criteria for whatever is proposed to replace the demolished structure.

The parties agree that Article 17 does not require site plan review of anticipated future construction to occur concurrently with approval of the demolition of a structure.

Nevertheless, Appellants are correct that Article 17 does require consideration of what is planned to be done with the land on which the structure proposed for demolition is located. Each of the design review criteria of § 5.17.06 requires the DRB, and hence this Court, to examine the demolition proposal in the context of what will be proposed in its stead. (See, <u>e.g.</u>, § 5.17.06(a)(3) or (a)(4)). It is possible that a demolition permit could be approved in the context of a proposal to replace the demolished structure with a new structure, or with landscaping or a parking area, that is compatible in style with and maintains the character of the surrounding streetscape, while the same demolition permit could be denied in the absence of some information of what will be proposed to replace it.

It is up to Appellee-Applicant's own strategy in this case to decide what evidence to present on this topic at the hearing. That is, § 5.17.06(a)(9) does not require a full set of plans for a structure to be proposed in place of the demolished structure, or even a full set of plans for a parking lot, landscaping or open space proposed in place of a demolished structure. Of course, any applicant runs its own risk that the DRB's (or the Court's) balancing of the proposed

demolition against the future proposal for the land will reach a different result if the future proposal is indefinite than if it is specific and well-designed.

Done at Barre, Vermont, this 21st day of January, 2003.

_____
Merideth Wright
Environmental Judge

**Footnotes**

[1]  Attorney O'Brien entered his appearance on behalf of "St. Monica's Church;" however, no evidence has yet been presented whether that is an entity responsible for the property, or whether the property 'owner' is a parish of the Roman Catholic Diocese of Burlington, or is the Diocese itself. In other such zoning cases, it has been the Diocese which has been the entity responsible for the properties involved in the litigation. See Appeal of Roman Catholic Diocese of Burlington, Docket No. 40-2-02 (Middlebury); Appeals of Roman Catholic Diocese of Burlington, Docket Nos. 146-7-00 and 165-8-00 Vtec (Burlington); and see Appeal of Wheeler, Docket No. 163-9-98 Vtec (Putney - Diocese was an adjoining property owner not participating in appeal). It will be necessary to resolve this question in advance of the trial because we will be taking evidence at the trial on the financial status of the "owner" of the property. §5.17.05(2)(2).

[2]  However, please note that February 18, 2002, is no longer available if a continuation date is necessary. We can discuss alternative dates at the telephone conference already scheduled for January 27, 2003 at noon.